<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DERECK JOHNSON, | Civ. Action No. 21-13587 (RMB) |
| Petitioner | |
| v. | **MEMORANDUM AND ORDER** |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY AND WARDEN, NEW JERSEY STATE PRISON, | |
| Respondents | |

BUMB, Chief United States District Judge

  This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Pet., Dkt. No. 1 at 8-50) and his motion for a stay and abeyance of his petition (Mot. For Stay and Abeyance, Dkt. No. 1 at 3-7). Respondents have filed a response opposing Petitioner's motion for a stay and abeyance (Response, Dkt. No. 4.) and Petitioner replied (Reply, Dkt. No. 6).

  Before a district court can grant a stay of a mixed petition[1] under 28 U.S.C. § 2254, the court must determine that the petitioner had good cause for failing to exhaust his claims in state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

  Petitioner's fifteenth claim in his habeas petition, which raises ineffective assistance of

---

[1] A mixed petition is a petition under 28 U.S.C. § 2254 that raises exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A district court must dismiss a mixed petition. *Id.* at 522.

post-conviction relief ("PCR") counsel claims, is unexhausted. (Mot. For Stay and Abeyance, Dkt. No. 1 at 5.) Petitioner submits that he filed his habeas petition protectively to secure his one-year habeas statute of limitation while he seeks to exhaust his claim in state court through a second PCR petition. (*Id.* at 4-5.)

On April 9, 2018, the PCR court denied Petitioner's first PCR petition. (*Id.* at 4; Pet. App'x, Dkt. No. 1-1 at 19-34.) Petitioner appealed to the Appellate Division, raising his unexhausted habeas claim. (*Id.* at 5.) On October 23, 2020, the Appellate Division affirmed the denial of Petitioner's PCR petition, but declined to address Petitioner's unexhausted claim, finding Petitioner's PCR counsel ineffectiveness claims were more appropriately left to a new PCR petition (*Id.* at 5; Pet. App'x, Dkt. No. 1-1 at 35-52.) The Appellate Division found "we will not address [Petitioner's] contention that his PCR counsel rendered ineffective assistance, which is more appropriately left for a new petition." (Pet. App'x, Dkt. No. 1-1 at 51.) Petitioner filed a second PCR petition raising his unexhausted claim. (Mot. for Stay and Abeyance, Dkt. No. 1 at 5.) Petitioner has shown good cause for failing to exhaust prior to filing his habeas petition.

Respondents oppose Petitioner's motion for a stay, arguing that Petitioner's ineffective assistance of PCR counsel claim will be time-barred in state court. (Response, Dkt. No. 4 at 3.) Respondents argue that under New Jersey Court Rule 3:22-12(a)(2), Petitioner was required to bring his PCR counsel ineffective assistance claim within one year of the denial of the previous PCR application, and he failed to do so. (*Id.*)

However, it appears Petitioner did file his second PCR petition within a year of the Appellate Division's denial of his appeal. On October 23, 2020, the Appellate Division notified Petitioner that his ineffective assistance of PCR counsel claim should be raised in a

new PCR petition. (Pet. App'x, Dkt. No. 1-1 at 35-52.) In July 2021, within one year of the Appellate Division decision, Petitioner filed his instant protective habeas petition and motion for stay and abeyance, notifying the Court that he has a pending second PCR petition raising his unexhausted claim. (Pet., Dkt. No. 1 at 8-50; Mot. For Stay and Abeyance, Dkt. No. 1 at 3-7.) It is not plainly clear from the record before the Court that the PCR court will find Petitioner's second PCR petition time-barred.

The Court has reviewed the unexhausted claim, Ground Fifteen, and finds it is not plainly without merit on the face of the petition. Because it appears Petitioner filed his second PCR petition within a year of the Appellate Divisions decision, and the second PCR petition was pending when Petitioner protectively filed this mixed petition, the Court will grant Petitioner's motion for stay and abeyance pending the state court's decision. Petitioner must reopen this action, in writing to the Court, within 30 days of the exhaustion of his ineffective assistance of PCR counsel claim. *See Rhines*, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back.")

For these reasons, the Court grants Petitioner's motion for a stay and abeyance of his petition for writ of habeas corpus under 28 U.S.C. § 2254.

**IT IS** therefore on this **1st day of March 2023**,

**ORDERED** that Petitioner's motion for a stay and abeyance of his petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 1 at 3-7) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall stay this case; and it is further

**ORDERED** that Petitioner shall reopen this case within thirty days of the exhaustion of his claim in state court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**CHIEF UNITED STATES DISTRICT JUDGE**
